IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERNEST JOE ELLIS

    v.

UNITED STATES OF AMERICA

          :  Civil Action No. DKC 04-3157
            Criminal Case No. DKC 00-0197

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Petitioner Ernest Joe Ellis to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Paper 63). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant in part and deny in part Petitioner's motion.

## I.  **Background**

On March 19, 2001, Petitioner was charged with (I) conspiracy to distribute and possess with the intent to distribute marijuana and more than 50 grams of cocaine base, 21 U.S.C. § 846; (II) possessing more than five grams of cocaine base with the intent to distribute, 21 U.S.C. § 841(a)(1); (III) possessing a detectable amount of marijuana with the intent to distribute, 21 U.S.C. § 841(a)(1); and (IV) possessing a firearm and ammunition as a convicted felon, 18 U.S.C. § 922(g)(1).

Before trial, pursuant to 21 U.S.C. § 851(a), the government filed an information stating its intent to seek enhanced penalties for Counts I and II on the basis of Petitioner's two prior drug convictions in the state of Maryland. (Paper 36). In particular, the government sought an enhancement for Petitioner's May 20, 1993 conviction for possession of cocaine and an August 26, 1997 conviction for possession of cocaine. (*Id.*) A jury subsequently convicted Petitioner on all four counts. (Paper 40). The jury returned special verdicts regarding Counts I and II, finding the quantity of cocaine base to be fifty grams or more and five grams or more, respectively. (*Id.*).

Petitioner was sentenced on July 16, 2001. Pursuant to the Section 851 notice, the court sentenced Petitioner to life imprisonment on Count I.[1] (Paper 46). Petitioner was also sentenced to concurrent 360-month terms on Counts II and III, and to a concurrent 120-month term on Count IV.[2] (*Id.*).

---

[1] Title 21 U.S.C. § 841(b)(1)(A) provides, "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence."

[2] The court assessed a two-level enhancement for obstruction of justice and a two-level enhancement for possession of a firearm, which resulted in a criminal offense level of 42. With a criminal offense level of 42, the sentencing range was 360 months to life imprisonment. *U.S. Sentencing Guidelines Manual*

Petitioner appealed and the Court of Appeals for the Fourth Circuit affirmed. *United States v. Ellis*, 326 F.3d 593 (4th Cir. 2003). One of Petitioner's claims on appeal was that the 30-year sentence imposed for Count III, possession of marijuana with intent to distribute, exceeded the statutory maximum. Petitioner argued that because no specific amount of marijuana was charged in the indictment or proven to the jury, the maximum penalty under 21 U.S.C. § 841(b)(1)(D) was a five year sentence, or ten years with a prior conviction. *Id.* at 599. The Fourth Circuit found that the court plainly erred in imposing the 30-year sentence, but the error did not affect Petitioner's substantial rights in light of the life sentence imposed for Count I. *Id.* at 600. The Fourth Circuit did not remand for resentencing. The Supreme Court of the United States denied certiorari on October 6, 2003. *Ellis v. United States*, 540 U.S. 907 (2003).

On February 9, 2004, Petitioner filed a petition for a writ of error *coram nobis* in the Circuit Court for Prince George's County, Maryland, seeking to vacate his 1997 guilty plea conviction for possession of cocaine. He asserted that his guilty plea in that case was not knowing and intelligent. The parties filed a joint motion that the plea colloquy was

_____

§ 5.A (2001). Petitioner does not contest the court's findings regarding the criminal offense level.

insufficient to explain to Petitioner his rights. On October 27, 2004, the court vacated Petitioner's conviction.

Petitioner filed the instant petition on October 4, 2004. (Paper 63). Counsel was appointed to represent Petitioner after the Maryland court vacated his 1997 conviction. Petitioner's original motion asserts six grounds for relief: (1) the court improperly relied upon two state convictions which were not federal drug felony offenses under the drug statute or the federal sentencing guidelines; (2) the court failed to instruct the jury regarding the drug quantity element of conspiracy; (3) the government failed to establish defendant's participation in a conspiracy; (4) the defendant is entitled to have his sentence on Count III reduced to five years based on the Fourth Circuit's opinion in his direct appeal; (5) the defendant is not a convicted felon and therefore his conviction under 18 U.S.C. § 922(g) must be vacated; and (6) trial and appellate counsel were ineffective for failing to raise the first five issues set forth in Petitioner's motion. (*Id.*). Court-appointed counsel raises one additional ground for relief, contending that Petitioner is entitled to a reduction in his sentence in light of the vacatur of one of the prior Maryland convictions.[3] (Papers 70, 71).

---

[3] On October 26, 2004, Petitioner filed a supplement to his Section 2255 motion, claiming that one of his prior state

4

**II. Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]" Thus, review under Section 2255 is a two-step process. *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010). The court first determines whether the prisoner has shown that his sentence is unlawful based on one of the specified grounds. *Id.* It then fashions any appropriate relief. *Id.*

When a Section 2255 motion is premised on non-constitutional error,

> [t]he scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'

*United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (internal citation omitted). If the Section 2255 motion, along with the files and records of the case, conclusively shows

convictions was invalid due to a defective plea colloquy and that his counsel was ineffective for failing to challenge the state conviction. (Paper 66). In light of the subsequent State vacatur and supplemental argument filed by Petitioner's counsel, the court need not address this moot point.

that the petitioner is entitled to no relief, a hearing on the motion is unnecessary and the court may summarily dismiss the claims. 28 U.S.C. § 2255(b). Further, a petitioner may only raise issues that he has not waived, unless they meet the requirements of a very narrow exception:

> The Supreme Court has recognized an equitable exception to the bar, however, when a habeas applicant can demonstrate cause and prejudice, or actual innocence. . . . In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.

*Pettiford*, 612 F.3d at 279 (citations and quotation marks omitted).

## III. Analysis

### A. Effect of Vacatur

Petitioner contends that he is entitled to resentencing because the 1997 predicate offense upon which the court relied to enhance his sentence for Count I has been vacated. Where a petitioner has successfully attacked a state sentence in state court, he "may then apply for reopening of any federal sentence enhanced by the state sentences." *Custis v. United States*, 511 U.S. 485, 497 (1994); *accord United States v. Gadsen*, 332 F.3d

224, 228 (4th Cir. 2003).[4]  Petitioner is correct that his life sentence was premised upon *two* valid, prior felony drug convictions.  21 U.S.C. § 841(b)(1)(A).  Now that he has only one prior drug conviction, Petitioner is no longer eligible for the mandatory life imprisonment sentence imposed for Count I. Thus, it is necessary for the court to correct his sentence. The court will hold a resentencing hearing for Count I only.[5]

Petitioner seeks resentencing on all counts, asserting that because trial counsel knew a life sentence would be imposed for Count I, he did not argue against the upward adjustments and for the downward departures affecting Petitioner's offense level. The record belies Petitioner's assertion.  Trial counsel noted two exceptions to the Presentence Report, including the obstruction of justice adjustment and the drug quantity used to

---

[4] Although the Supreme Court's comment in *Custis* regarding a petitioner's right to reopen his federal sentence after successfully attacking a state court conviction was dicta, the Fourth Circuit and other courts have relied on the Court's suggestion to find that cases like Petitioner's are not procedurally barred.  *See, e.g.*, *Gadsen*, 332 F.3d at 228 (noting that "'after an enhanced federal sentence has been imposed,' inmates should first initiate a separate proceeding challenging the validity of their state court convictions") (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)); *Mateo v. United States*, 398 F.3d 126, 134 n.6 (1st Cir. 2005) (citing cases).

[5] The Section 851 notice also sought an enhancement for Count II, pursuant to Section 841(b)(1)(B), of a mandatory term of imprisonment of not less than 10 years and not more than life imprisonment.  The court imposed a 360-month sentence, which was the minimum for a 42 level offense, notwithstanding the Section 851 notice.  As the state vacatur does not affect this sentence, resentencing is unnecessary.

calculate the base offense level. As Petitioner has not raised any objections in his motion to his offense level calculation, there is no reason to question the legal basis for his other sentences. *See Pettiford*, 612 F.3d at 278 ("Vacatur alone does not entitle a petitioner to habeas relief. . . . [T]he petitioner must still meet his burden of showing that his sentence is unlawful on one of the specified grounds."). The resentencing will be limited to the effect of the vacatur on Count I.

### B. Remaining Claims

The government attempts to dispose of Petitioner's remaining claims by arguing that the claims are procedurally barred. Petitioner counters that ineffective assistance of counsel led to his failure to raise the claims on direct appeal. The standards governing constitutionally ineffective assistance of counsel claims are well settled under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Id.* To demonstrate actual prejudice, he must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. According to *Strickland*, there exists a strong presumption that counsel's conduct was within a

wide range of reasonably professional conduct, and the courts must be highly deferential in scrutinizing counsel's performance. *See id.* at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991).

In his first claim, Petitioner contends that the court improperly relied on two prior drug offense convictions to enhance his sentence for Count I. Petitioner argues that the two convictions did not qualify as "felony drug offenses" that warrant an enhanced penalty under 21 U.S.C. § 841(b). Specifically, Petitioner contends that "felony drug offense," as used in Section 841(b), must be read *in pari materia* with the definitions of "felony" in 21 U.S.C. § 802(13) *and* "felony drug offense" in Section 802(44).[6] Under this reading, the court could impose an enhanced sentence only if the prior drug convictions were (1) punishable by more than one year in prison and (2) characterized as a felony by controlling law. According to Petitioner, because the controlling law – *i.e.*, Maryland law – characterized his convictions as misdemeanors, the court should not have considered them.

_____

[6] The drug statute defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). "Felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." *Id.* § 802(44).

At the time of Petitioner's trial and Section 2255 petition, the Court of Appeals for the Fourth Circuit had not addressed this argument. Since his petition was filed, however, both the Fourth Circuit and the United States Supreme Court have specifically considered and rejected Petitioner's argument. *See United States v. Burgess*, 478 F.3d 658, 662 (4th Cir. 2007), *aff'd*, 553 U.S. 124 ("We discern no basis from the plain language or statutory scheme of the [Controlled Substances Act] to indicate that Congress intended 'felony drug offense' also to incorporate the definition in § 802(13)."). Accordingly, a defendant's sentence may be enhanced for a state conviction relating to drugs that carries a penalty of more than one year of imprisonment even if the crime is classified as a misdemeanor under state law. As Petitioner concedes, both of his prior convictions were punishable by up to four years of imprisonment. *See* Md. Code, Crim. Law § 5-601(c). Therefore, it was not error to consider the convictions and counsel did not provide ineffective assistance in failing to object. *See Baker v. Corcoran*, 220 F.3d 276, 293 n.15 (4th Cir. 2000) (stating that counsel are not constitutionally deficient for failing to raise a meritless challenge).

In Petitioner's second claim, he asserts that the court erroneously instructed the jury on Count I (conspiracy) when it failed to include an instruction regarding the element of drug

quantity.    Immediately before instructing on conspiracy, the
court read to the jury Count I of the indictment, which included
the quantity of cocaine base charged.  (Paper 72, Ex. C, at 58).
Petitioner nevertheless insists that the court should have
repeated the quantity of cocaine base charged when giving the
instructions for conspiracy to make clear that there had to be
an agreement as to the amount.

    As support, Petitioner cites *United States v. Promise*, 255
F.3d 150, 152 (4th Cir. 2001).   *Promise* is distinguishable,
however, as the drug quantity had not been alleged in the
indictment, nor was the jury instructed to make a specific
finding regarding quantity.    *Id.* at 152.   Here, the Second
Superseding Indictment identified the amount and the court read
the indictment to the jury.  (Paper 63, Ex. 5).   Further, the
jury returned a special verdict regarding the amount of cocaine
base attributable to the Petitioner, providing the requisite
jury finding.   *United States v. Foster*, 507 F.3d 233, 250-51 (4th
Cir. 2007) ("[I]n order for the statutory maximums and mandatory
minimums of § 841(b) to apply in a drug conspiracy case, the
jury must determine that the threshold drug amount was
reasonably foreseeable to the individual defendant.").   Although
the court did not repeat the quantity charged with the
conspiracy instruction, the indictment and the special verdict
form apprised the jury of the quantity and the jury expressed no

confusion on the matter. Accordingly, it was not unreasonable for Petitioner's counsel to decline to object to the jury instructions.

Petitioner's third claim alleges that the government failed to establish Petitioner's participation in a conspiracy. Petitioner insists that the government's evidence at trial established at most the existence of a buyer/seller relationship. He argues that his counsel erred by not requesting an instruction for the affirmative defense of a buyer/seller relationship as an alternative theory to the government's case. The Fourth Circuit has held, however, that "evidence of a buy-sell transaction is at least relevant (i.e. probative) on the issue of whether a conspiratorial relationship exists. Moreover, we believe evidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators." *United States v. Mills*, 995 F.2d 480, 485 n.1 (4th Cir. 1993). Here, the drug amounts, paired with Petitioner's inculpatory out-of-court statements presented at trial, were sufficient to prove that Petitioner and his cohorts were conspiring to distribute drugs together. (*See* Paper 72, Ex. F (testimony of officer regarding Petitioner's statements describing drug transactions involving $200, $300, and $1200 worth of crack)); *see also United States v. Allen*, 344 F.App'x.

844, 845 (4th Cir. 2009) ("[C]ontinued relationships and repeated drug transactions between parties are indicative of a conspiracy, particularly when the transactions involve substantial amounts of drugs."); *United States v. Yearwood*, 518 F.3d 220, 226 (4th Cir. 2008) (citing *Mills* and finding that the value and quantity of defendant's deals with another individual "far exceed[] the amounts involved in a simple buyer-seller transaction, and support[] an inference that Malone and Yearwood were distributing drugs together"). Counsel's failure to raise the buyer/seller argument as an affirmative defense does not indicate his ineffectiveness, especially in light of the weakness of the argument and the lack of any reasonable probability that Petitioner would not have been convicted had the argument been raised. In any event, counsel is not ineffective for failing to raise alternative arguments. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Petitioner's fourth claim seeks to have his sentence for Count III reconsidered based on the Fourth Circuit's resolution of his appeal. The Fourth Circuit held that the court plainly erred by imposing a 30-year sentence where no specific amount of marijuana was charged in the indictment or proven to the jury. The maximum penalty under 21 U.S.C. § 841(b)(1)(D) is a five year sentence, or ten years with a prior conviction. The Fourth Circuit did not remand for resentencing because the error did

not affect Petitioner's substantial rights, as he was serving a life sentence for Count I and a concurrent 30-year sentence for Count II.  Although Petitioner is entitled to have his mandatory life sentence for Count I reconsidered, the 30-year concurrent sentence for Count II remains unaltered.  Therefore, the court's previous error did not affect Petitioner's substantial rights. Accordingly, it is not necessary to adjust Petitioner's sentence for Count III.

In his fifth claim for relief, Petitioner asserts that his state misdemeanor conviction should not have been used to convict him under 18 U.S.C. § 922(g)(1).  The plain terms of the statute foreclose Petitioner's argument.  The provision states,

> (g) It shall be unlawful for any person–
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce[.]

Title 18 U.S.C. § 821(20) states that the phrase "crime punishable by imprisonment for a term exceeding one year" does not include "(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."  Under Maryland law, possession of

cocaine is a misdemeanor and on conviction is subject to imprisonment not exceeding four years. Md. Code Ann., Crim. Law § 5-601. Accordingly, a violation of § 5-601 falls within the scope of § 922(g). Petitioner's conviction for cocaine possession was "a crime punishable by imprisonment for a term exceeding one year" and therefore his conviction under Section 922(g) was warranted.[7] Petitioner's counsel did not err in refusing to raise a contrary, meritless argument.

## IV. Conclusion

For the foregoing reasons, the court will grant in part and deny in part Petitioner's motion. A separate Order will follow.

 

<table>
<tr><td>/s/</td></tr>
</table>

DEBORAH K. CHASANOW
United States District Judge

---

[7] The vacatur of Petitioner's 1997 cocaine conviction does not alter this analysis, as the 1993 conviction has not been vacated and may be used to convict under 18 U.S.C. § 922(g).